IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>COLLECTO, INC. d/b/a<br>COLLECTION COMPANY OF AMERICA d/b/a<br>EOS CCA,<br>    Defendant. | 1:10-cv-3709<br><br><br><br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1.      Plaintiff Domingho Powell brings this action against Collecto, Inc. d/b/a Collection Company of America d/b/a EOS CCA to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      The defendant corporation has engaged in an impermissible autodialed and prerecorded message calls to plaintiff and others' cell phones.

## JURISDICTION AND VENUE

3.      The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4.      Venue is proper because a substantial portion of the events complained of occurred in this District and defendant has a principal place of business here.

## PARTIES

5.      Plaintiff is an individual who resides in this District.

6. Collectco, Inc. d/b/a Collection Company of America d/b/a EOS CCA (collectively, "Collecto") is a Massachusetts corporation that has an office in this District located at 8201 W 183rd St., Suite J, Tinley Park, Illinois 60487.

## FACTS

7. Collecto called plaintiff on his cell phone several times within the past four years.

8. Collecto's calls to plaintiff's cell phone were made using an automatic telephone dialing system, and a prerecorded voice.

9. Collecto has called thousands of other phone numbers using its predictive dialer and/or prerecorded message in the four years preceding this lawsuit.

10. Upon information and belief, plaintiff's telephone number was dialed by a telephone system that does not need human intervention to dial. Upon information and belief, no human being dialed plaintiff's telephone number for one or more of the calls to plaintiff.

11. Upon information and belief, more than one hundred other individuals contacted defendant within four years of filing of this complaint, before or after having been called with defendant's autodialer or prerecorded message, to tell defendant that it was calling the wrong number.

12. Plaintiff was not the correct debtor for the account defendant was attempting to collect.

# COUNT I – TCPA

13. Plaintiff incorporates all previous paragraphs of this complaint.

14. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

15. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

16. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

17. Plaintiff brings Count I on behalf of a class, which consists of:

All persons located in Illinois, Indiana and Wisconsin who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where defendant was notified that defendant was calling the incorrect person, where any call was made at any time between and including June 15, 2006, and June 15, 2010.

18. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

   b. Damages, including whether the violation was willful.

19. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

20. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

22. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

23. The identity of the class is likely readily identifiable from defendant's records.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b.    A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

    c.    Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

  Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                <u>/s/Alexander H. Burke</u>