IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>COLLECTO, INC. d/b/a<br>COLLECTION COMPANY OF AMERICA d/b/a<br>EOS CCA,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY DEMANDED<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this case as a class action for two classes of similarly situated persons:

> All persons located in Illinois, Indiana and Wisconsin who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where defendant was notified that defendant was calling the incorrect person, where any call was made at any time between and including June 15, 2006, and June 15, 2010.

Plaintiff further requests that the Court appoint plaintiff Dominginho Powell as the class representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1. Plaintiff Dominginho Powell brings this action against Collecto, Inc. d/b/a Collection Company of America d/b/a EOS CCA (collectively, "Collecto") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA, 47 U.S.C. §227(b) prohibits calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270

1

(N.D.Ill. May 5, 2010) (Zagel, J.). The TCPA is a strict liability statute, and there is no "bona fide error" defense available, *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff), although there is a "prior express consent" affirmative defense.

      3.    The defendant debt collection agency called plaintiff several times, leaving prerecorded voice mail messages asking that if plaintiff is not a particular debtor, for him to call and notify defendant. Although each message was truncated at the beginning, probably because defendant's prerecorded message began too early in relation to the recording function in plaintiff's voice mail system, the messages state:

> ...84-0290, to remove this phone number from our records. If you are Charmaine Hunter, please continue to listen to this message. By continuing to listen to this message, you acknowledge you are Charmaine Hunter.
>
> There will now be a three second pause. [pause] This is EOCCA. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please contact us for a important business matter at 877-384-0290. Again, the telephone number is 877-384-0290 and the account number, that is needed when calling is ****6778. Thank you.

Plaintiff was not the correct debtor, and called to notify defendant of this fact, as requested by defendant.

      4.    Defendant thus has an "opt out" policy and practice as to the use of its autodialer and prerecorded messages: defendant will continue to call a telephone number using such equipment until the recipient of such calls notifies defendant that they are the wrong person. This policy ignores the fact that ***all calls*** to an incorrect party violate the TCPA; not just calls after the caller receives a complaint from the incorrect party.

5. Plaintiff brings this action on behalf of all persons whose cell phones defendant called using its autodialer or prerecorded message, who notified defendant that they were the incorrect debtor, as delineated above. This definition is designed so that persons who were called using the allegedly illegal equipment who had not provided prior express consent at the time of the calls, are class members.

6. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met. Plaintiff files this motion along with the complaint in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer, as suggested by some court decisions. *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999). While plaintiff does not believe *Griesz* is correct or controlling, counsel feels it is appropriate under the circumstances to file this motion early in the case in order to avoid the situation entirely. Plaintiff requests that the Court set a briefing schedule sufficiently long so that plaintiff may serve the complaint, take discovery and file a memorandum of law in support of this motion.

7. <u>Numerosity</u>. Given the nature of the alleged violations, i.e. making automatically dialed and prerecorded message telephone calls to debtors, it is reasonable to infer that the defendant made more than the 40 or so impermissible robocalls necessary to satisfy numerosity. Joinder is therefore impracticable and satisfy numerosity for certification purposes. Fed.R.Civ.P. 23(a)(1).

8. <u>Common Questions Predominate</u>. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims; both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

9. <u>Typicality</u>.  Similarly, the plaintiff's claims are typical of the other class members.  All of the claims are based upon a substantially identical set of facts and circumstances.  Fed.R.Civ.P. 23(a)(3).

10. <u>Adequacy</u>.  Plaintiff and counsel will fairly and adequately represent the class.  Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation.  <u>Exhibit A</u>.  Fed.R.Civ.P. 23(a)(4).

11. <u>Defendant's Actions Applicable Generally</u>.  The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves.  Defendant called each class member on his or her cellular telephone using an autodialer in order to deliver a prerecorded advertisement. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate.  Fed.R.Civ.P. 23(b)(2).  All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

12. <u>Superiority</u>.  It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions.  Plaintiff is not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated.  Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages.  Fed.R.Civ.P. 23(b)(3).

13. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class.  Plaintiff requests that the Court set a briefing schedule for this

motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Dominginho Powell as class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>COLLECTO, INC. d/b/a<br>COLLECTION COMPANY OF AMERICA d/b/a<br>EOS CCA,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY DEMANDED<br>)<br>) |

### DECLARATION OF ALEXANDER H. BURKE

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

*Greene v. DirecTV, Inc.*, 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs.*, P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection section of the Chicago Bar Association, and will

be the president of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois
June 15, 2010

Alexander H. Burke