**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DOMINGINHO POWELL on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>        *v.*<br><br>COLLECTO, INC. d/b/a<br>COLLECTION COMPANY OF<br>AMERICA d/b/a EOS CCA,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:10-cv-3709<br><br>Hon. Judge Kendall<br><br>Magistrate Judge Mason |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, COLLECTO, INC. d/b/a COLLECTION COMPANY OF AMERICA d/b/a EOS CCA ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1.    Plaintiff Domingho Powell brings this action against Collecto, Inc. d/b/a Collection Company of America d/b/a EOS CCA to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:**    Defendant admits that Plaintiff has brought this action "to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA")" but denies that it has violated the TCPA.

2.    The defendant corporation has engaged in an impermissible autodialed and prerecorded message calls to plaintiff and others' cell phones.

**ANSWER:**    Defendant denies these allegations.

## JURISDICTION AND VENUE

3.    The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, In*c., 427 F.3d 446 (7th Cir. 2005).

**ANSWER:**    Defendant admits these allegations.

4.       Venue is proper because a substantial portion of the events complained occurred in this District and defendant has a principal place of business here.

**ANSWER:**    Defendant admits these allegations.

## PARTIES

5.       Plaintiff is an individual who resides in this District.

**ANSWER:**    Defendant lacks knowledge or information sufficient to admit or deny the above allegation.

6.       Collectco, Inc. d/b/a Collection Company of America d/b/a EOS CCA (collectively, "Collecto") is a Massachusetts corporation that has an office in this District located at 8201 W 183rd St., Suite J, Tinley Park, Illinois 60487.

**ANSWER:**    Defendant admits these allegations.

## FACTS

7.       Collecto called plaintiff on his cell phone several times within the past four years.

**ANSWER:**    Defendant lacks knowledge or information sufficient to admit or deny whether it called Plaintiff's cell phone.  Defendant, however, admits to calling phone number 773-XXX-7272 on more than one occasion during the past four years.

8.       Collecto's calls to plaintiff's cell phone were made using an automatic telephone dialing system, and a prerecorded voice.

**ANSWER:**    Defendant lacks knowledge or information sufficient to admit or deny whether it called Plaintiff's cell phone but admits that calls were placed to phone number 773-XXX-7272.  Further answering, Defendant objects to the fact that Plaintiff has not defined the phrase "automatic telephone dialing system."  Accordingly, Defendant lacks knowledge or information sufficient to admit or deny whether an "automatic telephone dialing system" was

2

used but admits that the calls were made using an telephone dialing system which had the capability of leaving a prerecorded voice message under certain circumstances.  Defendant, however, admits that its dialing software can dial telephone numbers from a list or "dialing campaign" that consists of telephone numbers that an Operations Team within Defendant's company has selected from its database based on criteria set by the Operations Team.  When numbers in a dialing campaign are dialed by the dialing software, a human being does not manually dial the number, although a human being has selected the numbers that will be included in the campaign.  Defendant denies the remaining allegations.

9.      Collecto has called thousands of other phone numbers using its predictive dialer and/or prerecorded message in the four years preceding this lawsuit.

**ANSWER:**      Plaintiff has not defined the phrase "predictive dialer."   Accordingly, Defendant lacks knowledge or information sufficient to admit or deny whether a "predictive dialer" was used but admits that the calls were made using an telephone dialing system which had the capability of leaving a prerecorded voice message under certain circumstances. Defendant, however, Defendant admits that its dialing software can dial telephone numbers from a list or "dialing campaign" that consists of telephone numbers that an Operations Team within Defendant's company has selected from its database based on criteria set by the Operations Team.  When numbers in a dialing campaign are dialed by the dialing software, a human being does not manually dial the number, although a human being has selected the numbers that will be included in the campaign.  Defendant admits that it has called thousands of other phone numbers the four years preceding this lawsuit and that it has left prerecorded message in some instances. Defendant denies the remaining allegations.

6589370v2  914300  65872

10.     Upon information and belief, plaintiff's telephone number was dialed by a telephone system that does not need human intervention to dial. Upon information and belief, no human being dialed plaintiff's telephone number for one or more of the calls to plaintiff.

**ANSWER:**     Defendant lacks knowledge or information sufficient to admit or deny whether it called Plaintiff's cell phone but admits that calls were placed to phone number 773-XXX-7272.  Further answering, Defendant objects to the fact that Plaintiff has not defined the phrase "human intervention."  Accordingly, Defendant lacks knowledge or information sufficient to admit or deny whether plaintiff's telephone number was dialed by a telephone system without human intervention.  Defendant, however, Defendant admits that its dialing software can dial telephone numbers from a list or "dialing campaign" that consists of telephone numbers that an Operations Team within Defendant's company has selected from its database based on criteria set by the Operations Team.  When numbers in a dialing campaign are dialed by the dialing software, a human being does not manually dial the number, although a human being has selected the numbers that will be included in the campaign.  Defendant denies the remaining allegations.

11.     Upon information and belief, more than one hundred other individuals contacted defendant within four years of filing of this complaint, before or after having been called with defendant's autodialer or prerecorded message, to tell defendant that it was calling the wrong number.

**ANSWER:**     Subject to the objections and answers to paragraphs 8 and 9, Defendant lacks knowledge or information sufficient to admit or deny these allegations.

12.     Plaintiff was not the correct debtor for the account defendant was attempting to collect.

4

**ANSWER:**   Defendant admits the above allegations.

### COUNT I - TCPA

13.   Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:**   Defendant incorporates its previous answers to the above paragraphs.

14.   It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**ANSWER:**   Defendant admits that it is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message without the person's consent.   Defendant denies the remaining allegations.

15.   Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

**ANSWER:**   Objection, the above allegation is missing a word.   Accordingly, Defendant can neither admit or deny the above allegation.

16.   The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**ANSWER:**   Defendant denies these allegations.

### Class Allegations

17.   Plaintiff brings Count I on behalf of a class, which consists of:

All persons located in Illinois, Indiana and Wisconsin who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where defendant was notified that defendant was calling the incorrect person, where any call was made at any time between and including June 15, 2006, and June 15, 2010.

6589370v2 914300 65872

**ANSWER:**     Defendant admits that Plaintiff has brought Count I on behalf of a class as quoted above, but denies that a class exist, denies that Plaintiff has adequately defined a proposed class, and denies that it has violated the TCPA.

18.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a.     Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

    b.     Damages, including whether the violation was willful.

**ANSWER:**     Defendant denies these allegations.

19.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:**     Defendant denies these allegations.

20.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:**     Defendant denies these allegations.

21.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:**   Defendant denies these allegations.

22.   Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:**   Defendant denies these allegations.

23.   The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:**   Defendant denies these allegations.

24.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:**   Defendant denies these allegations.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

  a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

  b. A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

  c. Any other relief the Court finds just and proper.

6589370v2  914300  65872

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief that it seeks, and requests that this Honorable Court enter judgment in its favor and against Plaintiff.

Respectfully submitted

Counsel for Defendant,
COLLECTO, INC. d/b/a
COLLECTION COMPANY OF
AMERICA d/b/a EOS CCA

*/s/ James C. Vlahakis*
James C. Vlahakis
ARDC No. 6230459
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

6589370v2 914300 65872

## AFFIRMATIVE DEFENSES

1.      At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

2.      Defendant asserts that arbitration may be the appropriate venue for plaintiff's claims, as defendant may possess certain arbitration rights based on contracts entered into by plaintiff.

3.      Plaintiff's Complaint fails to state claim upon which relief can be granted under the FCC Exception to the TCPA.

4.      Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent that the underlying debtor may have given consent to receive telephone calls on his or her cellular telephone.

5.      Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent that the original debtor once owned the cellular telephone number that Plaintiff now claims to own.

6.      Any purported violation of the TCPA, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

6589370v2 914300 65872

Respectfully submitted

Counsel for Defendant,
COLLECTO, INC. d/b/a
COLLECTION COMPANY OF
AMERICA d/b/a EOS CCA

*/s/ James C. Vlahakis*
James C. Vlahakis
ARDC No. 6230459
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

10

6589370v2  914300  65872

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2010 I electronically filed **Defendant's Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Counsel for Defendant,
COLLECTO, INC. d/b/a
COLLECTION COMPANY OF
AMERICA d/b/a EOS CCA

<u>s/James C. Vlahakis</u>
James C. Vlahakis
ARDC No. 6230459
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

6589370v2  914300  65872