1

```
 1

 2

 3

 4                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 5                          EASTERN DIVISION

 6

 7
     DOMINGINHO POWELL,             Case No. 1:10-cv-03709
 8
        Plaintiff,                  Chicago, Illinois
 9                                  November 23, 2010
             v.                     Motion Hearing
10
     COLLECTO, INC.,
11
        Defendant.
12   -------------------------------

13
                       TRANSCRIPT OF MOTION HEARING
14           BEFORE THE HONORABLE VIRGINIA M. KENDALL
                     UNITED STATES DISTRICT JUDGE
15

16
     APPEARANCES:
17

18
     For the Plaintiff:    Burke Law Offices, LLC
19                         By:  Alexander H. Burke
                           155 N. Michigan Ave., Ste. 9020
20                         Chicago, IL 60601
                           (312) 729-5288
21

22

23

24

25
```

For a copy of this transcript, contact April Metzler, CRR
at (312) 408-5154

```
 1

 2

 3    APPEARANCES (Cont'd):

 4

 5    For the Defendant:      Hinshaw & Culbertson
                              By:  James C. Vlahakis
 6                            222 N. LaSalle St., Ste. 300
                              Chicago, IL 60601
 7                            (312) 704-3000

 8

 9

10    COURT REPORTER:         FEDERAL OFFICIAL COURT REPORTER
                              April M. Metzler, RPR, CRR, FCRR
11                            219 South Dearborn St., Rm. 2318-A
                              Chicago, IL 60604
12                            (312) 408-5154
                              April_Metzler@ilnd.uscourts.gov
13

14

15

16

17

18

19

20

21

22

23

24
      Proceedings recorded by mechanical stenography; transcript
25    produced by notereading.
```

| | | |
|---|---|---|
| 09:31:52 | 1 | (Commenced at 9:31 a.m.) |
| 09:31:52 | 2 | THE CLERK:  Case number 10C3709, Powell versus |
| 09:31:57 | 3 | Collecto, Inc. |
| 09:32:03 | 4 | MR. BURKE:  Good morning, Judge.  Alexander Burke for |
| 09:32:05 | 5 | the plaintiff. |
| 09:32:06 | 6 | THE COURT:  Good morning. |
| 09:32:06 | 7 | MR. VLAHAKIS:  James Vlahakis, V-l-a-h-a-k-i-s, on |
| 09:32:11 | 8 | behalf of defendant. |
| 09:32:11 | 9 | THE COURT:  Okay.  Let's go through the motion, or |
| 09:32:13 | 10 | did you talk before you got up here? |
| 09:32:14 | 11 | MR. VLAHAKIS:  Well, we're at an interesting |
| 09:32:16 | 12 | crossroads on this case.  There is a pending motion for class |
| 09:32:19 | 13 | certification, which this Court last night entered a minute |
| 09:32:23 | 14 | order extending the briefing date on that. |
| 09:32:26 | 15 | We're also appearing before Judge Brown later this |
| 09:32:29 | 16 | morning because this Court granted our agreed motion for an |
| 09:32:31 | 17 | expedited settlement conference. |
| 09:32:33 | 18 | We have a declining defense policy, and there are |
| 09:32:36 | 19 | other pending claims out there against the client.  It was a |
| 09:32:39 | 20 | $1 million policy.  At this point it was close to $700,000, so |
| 09:32:43 | 21 | I'm mindful of how much time we are spending on this case just |
| 09:32:49 | 22 | on my defense alone, let alone the other pending cases against |
| 09:32:52 | 23 | Collecto. |
| 09:32:53 | 24 | I would like to either take two approaches to this. |
| 09:32:55 | 25 | Simultaneously brief the motion to compel as we also brief the |

| | | |
|---|---|---|
| 09:32:57 | 1 | motion for class certification.  The issue that we are at a |
| 09:33:05 | 2 | crossroads on sort of starts at the beginning of the case.  We |
| 09:33:08 | 3 | still do not have a firm handle on how many class members are |
| 09:33:12 | 4 | involved in this class, because it is sort of a unique type of |
| 09:33:17 | 5 | class. |
| 09:33:18 | 6 | Mr. Burke attempted to narrow down the class in |
| 09:33:21 | 7 | response to a message that was left on his client's |
| 09:33:24 | 8 | voice-mail, which basically said, and I'll paraphrase it, |
| 09:33:27 | 9 | We're trying to contact Jane Doe.  If you're not Jane Doe, |
| 09:33:31 | 10 | please call us at this number to be removed.  If you listen to |
| 09:33:35 | 11 | the rest of the message we assume that you are Jane Doe and it |
| 09:33:38 | 12 | leaves a number and whatnot. |
| 09:33:40 | 13 | Mr. Powell apparently -- or he testified that he |
| 09:33:42 | 14 | responded to that message and asked to be removed, and our |
| 09:33:45 | 15 | records demonstrate that he was removed from further calls. |
| 09:33:50 | 16 | And there is basically a collector note in some shorthand |
| 09:33:53 | 17 | identifying inbound call, an abbreviation for wrong number, |
| 09:33:59 | 18 | r-n-g number sign, and that's sort of the process that's in |
| 09:34:02 | 19 | place to do this. |
| 09:34:03 | 20 | Collecto testified at a deposition under 30(b)(6) |
| 09:34:07 | 21 | that that is the general policy, but there is no hot button |
| 09:34:12 | 22 | that we call in the industry to press to signify this event |
| 09:34:16 | 23 | which could be something easily searched through fields.  The |
| 09:34:19 | 24 | terminology is taught to a collector to use one abbreviation |
| 09:34:22 | 25 | and they use different types of shorthand.  I have reviewed |

5

| | | |
|---|---|---|
| 09:34:25 | 1 | the records that have come up with potential hits for the |
| 09:34:29 | 2 | three-state class and a potential nationwide class, and in |
| 09:34:33 | 3 | each instance collectors have used different terminology to |
| 09:34:37 | 4 | signify this event. |
| 09:34:39 | 5 | We have attempted, as best we can, to try to |
| 09:34:41 | 6 | extrapolate on this, but the message was only used from, I |
| 09:34:44 | 7 | believe, October 29th of 2009 was the first start date.  So |
| 09:34:48 | 8 | although the class is a four-year class, Mr. Burke and I |
| 09:34:52 | 9 | have -- we work well together.  We've talked about this |
| 09:34:55 | 10 | countless hours trying to resolve this the best way. |
| 09:34:57 | 11 | But long story short, when our people at Collecto try |
| 09:35:01 | 12 | to devise a program to sort through all the data, they ran |
| 09:35:05 | 13 | into various difficulties.  They spent a lot of time on it. |
| 09:35:08 | 14 | They finally got to another process by which they were then |
| 09:35:11 | 15 | able to manually review a subset of these documents and come |
| 09:35:14 | 16 | up with certain results. |
| 09:35:15 | 17 | We think, unfortunately, though, that because of the |
| 09:35:18 | 18 | intensive labor that would be put into this and more issues |
| 09:35:22 | 19 | that I have even detailed to Mr. Burke in a four-page letter |
| 09:35:25 | 20 | that class certification would be inappropriate, based on the |
| 09:35:29 | 21 | lack of typicality, the predominance issue would be lacking, |
| 09:35:32 | 22 | and superiority. |
| 09:35:33 | 23 | The motion to compel, we have tried our best to kind |
| 09:35:36 | 24 | of resolve this, and it's not a simple issue of just giving |
| 09:35:40 | 25 | Mr. Burke the records and having him sort through it.  We |

| | | |
|---|---|---|
| 09:35:43 | 1 | would prefer to brief this to this Court or if this Court |
| 09:35:47 | 2 | wants to defer to Judge Brown, we could consent to Judge Brown |
| 09:35:50 | 3 | to have it.  Because I think putting this all together maybe |
| 09:35:53 | 4 | in the context of the settlement conference may allow |
| 09:35:57 | 5 | everybody to work together to resolve this. |
| 09:35:59 | 6 | You know, it's not a big policy.  Collecto may have |
| 09:36:03 | 7 | some net worth, but it does not have a huge amount of net |
| 09:36:06 | 8 | worth, so we are trying to figure out what the best thing to |
| 09:36:09 | 9 | do is. |
| 09:36:09 | 10 | We have provided what we thought was a large |
| 09:36:13 | 11 | individual settlement that would -- you know, obviously, I |
| 09:36:17 | 12 | can't go into details, but we -- that has been rejected, but I |
| 09:36:23 | 13 | don't think that the door is closed on that. |
| 09:36:23 | 14 | And I feel that if we spend more money on responding |
| 09:36:26 | 15 | to the motion to compel, responding to class certification |
| 09:36:28 | 16 | right now, the affidavits it would entail to require us to, |
| 09:36:32 | 17 | you know, identify everything that went into our four-page |
| 09:36:35 | 18 | response as to what we have done to try to find this class |
| 09:36:38 | 19 | would be very time consuming.  It would be helpful, I think, |
| 09:36:41 | 20 | to get the full record out for this Court, but I think it |
| 09:36:44 | 21 | might make sense to see what we can do before Judge Brown and |
| 09:36:47 | 22 | possibly to stay this process. |
| 09:36:49 | 23 | I've talked to the insurance representative.  He's |
| 09:36:51 | 24 | out of Detroit.  He is free all next month to come in and |
| 09:36:56 | 25 | attempt to settle this.  I don't know if a person from |

| | |
|---|---|
| 09:37:00 | 1 |
| 09:37:03 | 2 |
| 09:37:05 | 3 |
| 09:37:08 | 4 |
| 09:37:11 | 5 |
| 09:37:11 | 6 |
| 09:37:13 | 7 |
| 09:37:13 | 8 |
| 09:37:19 | 9 |
| 09:37:27 | 10 |
| 09:37:30 | 11 |
| 09:37:38 | 12 |
| 09:37:42 | 13 |
| 09:37:45 | 14 |
| 09:37:49 | 15 |
| 09:37:52 | 16 |
| 09:37:53 | 17 |
| 09:37:56 | 18 |
| 09:37:58 | 19 |
| 09:38:03 | 20 |
| 09:38:07 | 21 |
| 09:38:09 | 22 |
| 09:38:13 | 23 |
| 09:38:14 | 24 |
| 09:38:17 | 25 |

Collecto could be their person, but since the money is coming from the insurance company, I would suggest to this Court and to Judge Brown that as long as we have somebody from Collecto on the phone and we've got the insurance rep here, we can make something happen.

THE COURT: Okay. What's your position on all this, Counsel?

MR. BURKE: Well, it's clear from the records that Collecto has data for each of these wrong-number class members. They were unable to put together a computer program to cull the data, because they don't keep notes of the wrong numbers that are consistent.

So we have asked that they produce all the data, and I'll go through them by hand, if necessary, or hire an expert to put together a program to go through them and figure out who's in the class.

Now, the defendant has agreed that there are more than 40 people in the class, which helps for class certification, but they intend to argue that it's impossible to figure out who's in the class, despite the fact that their records will tell us who's in the class. They just don't think that it's practicable to go through these records and figure it out.

THE COURT: All right. Now, let's be specific. What records are we talking about? What --

| | | |
|---|---|---|
| 09:38:19 | 1 | MR. BURKE: We're talking -- |
| 09:38:20 | 2 | THE COURT: What kind of format and what program and |
| 09:38:23 | 3 | what user notes are entered that are inconsistent, as you |
| 09:38:29 | 4 | suggested? |
| 09:38:30 | 5 | MR. BURKE: So -- |
| 09:38:31 | 6 | MR. VLAHAKIS: If I may on the numbers, your Honor, |
| 09:38:32 | 7 | just so we can get a perspective on this, just for the time |
| 09:38:35 | 8 | period of -- we pulled up November 4, 2009 to, I believe, |
| 09:38:40 | 9 | May 1st of 2010. That culled up a million records, which |
| 09:38:44 | 10 | would be a million people called, a million collection notes. |
| 09:38:47 | 11 | THE COURT: Okay. |
| 09:38:49 | 12 | MR. BURKE: However, the defendant is able to reduce |
| 09:38:53 | 13 | that number, I believe, by persons who have a B designation. |
| 09:39:00 | 14 | So when there's a wrong number entered in the notes, there is |
| 09:39:05 | 15 | an inconsistent wrong-number designation, but there is also a |
| 09:39:09 | 16 | consistent flag for a bad number, and bad numbers include |
| 09:39:15 | 17 | wrong numbers and no answer numbers and disconnected numbers. |
| 09:39:21 | 18 | So they can first narrow the million by the Bs. |
| 09:39:26 | 19 | Then they can secondly narrow all those numbers by |
| 09:39:31 | 20 | residential lines and cellphone numbers, and we are only |
| 09:39:34 | 21 | looking at cellphone numbers, so that -- the initial number is |
| 09:39:37 | 22 | going to be much smaller. |
| 09:39:38 | 23 | MR. VLAHAKIS: We are in agreement on that. |
| 09:39:40 | 24 | MR. BURKE: Exhibit A is a redacted version of the |
| 09:39:43 | 25 | data that we are looking for for each class member. I have |

| | | |
|---|---|---|
| 09:39:47 | 1 | had this data produced in a similar case by another debt |
| 09:39:52 | 2 | collection agency.  It was produced in ASCII format, tab |
| 09:39:57 | 3 | delimited. |
| 09:39:59 | 4 | On page 4 of Exhibit A, you can see the ICCBRWRG, |
| 09:40:11 | 5 | pound sign, that's what we will be looking for, something like |
| 09:40:16 | 6 | that.  You know, it -- frankly, it will be easier for the |
| 09:40:20 | 7 | defendant to figure out which ones are wrong numbers than it |
| 09:40:23 | 8 | will be for me, but I am willing to do this. |
| 09:40:26 | 9 | On page 1 of Exhibit A, you can see on the -- |
| 09:40:29 | 10 | THE COURT:  It's -- |
| 09:40:30 | 11 | MR. BURKE:  -- top right-hand corner, you've got a |
| 09:40:31 | 12 | redacted the middle three numbers, but you can see 773 |
| 09:40:35 | 13 | redaction 7272B.  That's the B designation I was talking |
| 09:40:40 | 14 | about, and that's the plaintiff's cellphone number. |
| 09:40:42 | 15 | So we're asking for the B designation cellphones for |
| 09:40:46 | 16 | the class period to be produced in ASCII format.  From those |
| 09:40:53 | 17 | records, I believe that we will be able to create a class |
| 09:40:58 | 18 | list. |
| 09:40:58 | 19 | MR. VLAHAKIS:  Here's the problem.  We have done |
| 09:41:00 | 20 | precisely that and for the period in which that phone message |
| 09:41:05 | 21 | was being used.  We have tried -- we can't really extrapolate |
| 09:41:10 | 22 | back, because that same message wasn't being used informing a |
| 09:41:14 | 23 | person receiving the call inadvertently to call in to that |
| 09:41:17 | 24 | number. |
| 09:41:17 | 25 | But even for that time period, and all the amount of |

| | | |
|---|---|---|
| 09:41:19 | 1 | work to go in to hand review every single one, we have been |
| 09:41:21 | 2 | able to determine that there are only three within the |
| 09:41:23 | 3 | three-state period.  Which I think there's two -- I think |
| 09:41:26 | 4 | there's just three Illinois calls where these inbound calls |
| 09:41:29 | 5 | happened just for that time period through this search. |
| 09:41:32 | 6 | Now, Mr. Burke thinks he can find more, but what we |
| 09:41:35 | 7 | are struggling to go with here is all that effort through |
| 09:41:38 | 8 | starting off at a million numbers we have popped up three.  It |
| 09:41:41 | 9 | could be because people are just not bothering to call in, |
| 09:41:44 | 10 | that we are not hitting that many wrong numbers, I don't know. |
| 09:41:47 | 11 | THE COURT:  Well, you're not really starting at a |
| 09:41:49 | 12 | million.  So you start at a million and then you narrow it |
| 09:41:51 | 13 | down by those other two parameters.  Then what is our field |
| 09:41:55 | 14 | looking like?  Are we talking thousands? |
| 09:41:57 | 15 | MR. BURKE:  Yeah, I believe that number is 7,000 from |
| 09:42:00 | 16 | the letter that I received, but I'm not positive.  It's hard |
| 09:42:02 | 17 | for me to tell because the computer programs crashed that they |
| 09:42:05 | 18 | were doing, so it's hard to tell. |
| 09:42:09 | 19 | MR. VLAHAKIS:  It's an immense amount of data, and I |
| 09:42:10 | 20 | think it's a wild goose chase.  I mean, the problem we have |
| 09:42:12 | 21 | even got is even if we can see that somebody called in, we |
| 09:42:15 | 22 | still have to identify for the entire class period who that |
| 09:42:19 | 23 | person was who called in.  Mr. Powell did not identify -- was |
| 09:42:23 | 24 | not asked to identify himself.  So all we know is the note |
| 09:42:27 | 25 | says, Inbound call, wrong number.  We take that number, assume |

| | | |
|---|---|---|
| 09:42:30 | 1 | for the sake of argument that that number is still owned by |
| 09:42:34 | 2 | the person who called in today, God only knows four years ago, |
| 09:42:38 | 3 | three years ago how many times that number has been swapped |
| 09:42:41 | 4 | out. We are going to do all this work and not be able to |
| 09:42:46 | 5 | readily identify who these people are. We could do a reverse |
| 09:42:49 | 6 | number lookup. There's no guarantee that that's going to be |
| 09:42:51 | 7 | that person. |
| 09:42:52 | 8 | THE COURT: But you're talking about all this work. |
| 09:42:54 | 9 | You already have the work done that he's willing to go sort |
| 09:42:58 | 10 | through. He is willing to go sort through your 7,000 entries, |
| 09:43:02 | 11 | and weed down what he thinks are the ones that fit the class. |
| 09:43:06 | 12 | Then I assume you'd show him those and he could challenge |
| 09:43:08 | 13 | those and you could weed it down from here. |
| 09:43:10 | 14 | Then whether or not you identify individuals is a |
| 09:43:13 | 15 | whole different issue as to whether or not we are trying to |
| 09:43:15 | 16 | sort through the class. So just because it's a lot of work |
| 09:43:18 | 17 | doesn't make it inappropriate. It makes it -- it's a question |
| 09:43:22 | 18 | of overly burdensome. Right now overly burdensome on you, I |
| 09:43:27 | 19 | think you've already done the work that he is willing to pick |
| 09:43:29 | 20 | up the ball as plaintiff's counsel and continue that work. |
| 09:43:31 | 21 | MR. VLAHAKIS: Well, that's where I have got the |
| 09:43:33 | 22 | problem with sort of putting this out here without going on |
| 09:43:35 | 23 | the merits on the briefs with my people explaining more |
| 09:43:39 | 24 | information. |
| 09:43:39 | 25 | We've got confidentiality issues, which we tried to |

| | |
|---|---|
| 09:43:43 | 1 work out with Mr. Burke before, because this is proprietary |
| 09:43:46 | 2 information, confidential information. We have contracts from |
| 09:43:47 | 3 the underlying creditors transmitting data to us saying, You |
| 09:43:52 | 4 cannot use this for any other purpose, you cannot produce this |
| 09:43:52 | 5 to somebody else absent going to us. |
| 09:43:55 | 6 So we were trying to come up with a process of |
| 09:43:57 | 7 negotiating something out where we would redact certain |
| 09:44:00 | 8 information, and then that fell apart. So we still have other |
| 09:44:03 | 9 hurdles to get to, and that's why at this juncture even if for |
| 09:44:08 | 10 that time period of the message, we only have three people in |
| 09:44:12 | 11 Illinois, I -- unless he thinks he is going to find 40 more, I |
| 09:44:15 | 12 don't know what the effort is -- here, we're willing to try to |
| 09:44:18 | 13 compromise this and maybe come up with potentially a unique |
| 09:44:21 | 14 way of solving this with a notice publication or something. |
| 09:44:26 | 15 But the whole issue of this being something that we |
| 09:44:28 | 16 have done completely, I don't think it's that simple, and |
| 09:44:32 | 17 that's why when we tried to explain the whole process in four |
| 09:44:36 | 18 pages, he simply responds in the motion to compel, You didn't |
| 09:44:41 | 19 manually search these records. Well, we did, and he missed |
| 09:44:41 | 20 that in my letter. So that's why I'm uncomfortable today |
| 09:44:46 | 21 having a decision on this issue, whereas the amount of data we |
| 09:44:49 | 22 would have to transmit to him of all other calls for the class |
| 09:44:53 | 23 period, would -- I am not sure he has got the capability of |
| 09:44:55 | 24 that. We would -- |
| 09:44:55 | 25 THE COURT: Well, I am not comfortable with your |

09:44:57  1  representations that it's too challenging either.  So -- and

09:45:01  2  as far as the e-discovery is concerned, it is very -- believe

09:45:05  3  me, out of all the e-discovery type cases we deal with, this

09:45:09  4  is not a difficult one.

09:45:10  5       So -- but I will give you an opportunity to respond

09:45:13  6  in writing to the motion to compel, and I'll give you until

09:45:19  7  December 13th to do that and then I'll give you a reply.  Do

09:45:24  8  you want me to go into January for the reply?

09:45:27  9       MR. BURKE:  I don't think so, Judge.  I've got a

09:45:29  10  potential appeal coming up, but --

09:45:32  11       THE COURT:  I'll say December 27th, if that's okay.

09:45:35  12       MR. BURKE:  Yeah.  And if I need time I'll file a

09:45:37  13  motion.

09:45:38  14       THE COURT:  That's fine.  I'm sure Mr. Vlahakis won't

09:45:41  15  disagree with an extension, if necessary.

09:45:42  16       And then I am going to refer the motion and all of

09:45:45  17  the discovery to Judge Brown as well, so that she can have

09:45:49  18  this settlement conference with you and discuss the electronic

09:45:54  19  discovery issues.  I am going to talk to her today about it

09:45:57  20  and give her my perspective on what I have seen.  But then at

09:46:01  21  least she'll be able to have everything in front of her, so

09:46:04  22  that when you do have that discussion -- I think what's going

09:46:07  23  to happen is in your discussions you are going to have to try

09:46:10  24  to assess your size of your class.  I don't know how you can

09:46:14  25  settle, unless you have some sense of that.  So she is going

| | | |
|---|---|---|
| 09:46:18 | 1 | to have to, you know, get to the bottom of some of those |
| 09:46:20 | 2 | issues as well.  So that's why I'll give her the whole thing. |
| 09:46:23 | 3 | MR. VLAHAKIS:  We'll try to keep working at this. |
| 09:46:25 | 4 | MR. BURKE:  Yeah. |
| 09:46:25 | 5 | MR. VLAHAKIS:  The other question I have is it makes |
| 09:46:28 | 6 | sense to then stay the class cert briefing issue, because |
| 09:46:32 | 7 | if -- this is really about -- I mean, not just -- I mean, it |
| 09:46:35 | 8 | interrelates to typicality, predominance priority, but it also |
| 09:46:38 | 9 | relates to the fundamental issue of numerosity that -- |
| 09:46:40 | 10 | THE COURT:  Well, I am going to refer that class cert |
| 09:46:44 | 11 | motion to her as well -- |
| 09:46:45 | 12 | MR. VLAHAKIS:  Sure. |
| 09:46:45 | 13 | THE COURT:  -- and then I am going to let her decide |
| 09:46:47 | 14 | whether she wants to stay that while she's dealing with this |
| 09:46:51 | 15 | issue.  Because I think you might need -- I don't know if you |
| 09:46:53 | 16 | want it to be stayed.  You might want it to be briefed, so at |
| 09:46:57 | 17 | least you have all of the issues, so that then -- they'll |
| 09:46:59 | 18 | probably have to be decided together. |
| 09:47:00 | 19 | MR. VLAHAKIS:  Sure. |
| 09:47:01 | 20 | THE COURT:  The issues are too interrelated not to be |
| 09:47:04 | 21 | decided together.  So she can give me an R and R on that, but |
| 09:47:08 | 22 | I'll let her deal with all of these discovery issues.  Okay. |
| 09:47:11 | 23 | MR. BURKE:  And, your Honor, we are going to go see |
| 09:47:13 | 24 | her right now. |
| 09:47:13 | 25 | THE COURT:  Oh, good.  So you can let her know that |

| | | |
|---|---|---|
| 09:47:16 | 1 | that's what I just did -- |
| 09:47:17 | 2 | MR. VLAHAKIS: Good. |
| 09:47:17 | 3 | THE COURT: -- and I am going to see all of you again |
| 09:47:19 | 4 | then in February, so February 10th at 9:00 a.m. for my status. |
| 09:47:26 | 5 | And she'll report to me as to where you stand with her. If |
| 09:47:29 | 6 | that turns out that we don't need that status, she'll let me |
| 09:47:33 | 7 | know. Okay. |
| 09:47:34 | 8 | MR. BURKE: Thank you. |
| 09:47:34 | 9 | MR. VLAHAKIS: Thank you very much, your Honor. |
| 09:47:36 | 10 | THE COURT: All right. Thanks, folks. |
| | 11 | (Concluded at 9:47 a.m.) |
| | 12 | - - - |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | C E R T I F I C A T E |
| | 19 | |
| | 20 | I certify that the foregoing is a correct transcript from |
| | 21 | the record of proceedings in the above-entitled matter. |
| | 22 | |
| | 23 | /s/April M. Metzler, RPR, CRR, FCRR   November 23, 2010 |
| | 24 | April M. Metzler, RPR, CRR, FCRR       Date |
| | 25 | Official Federal Court Reporter |